After much argument at the bar, he is barred by the warranty of his ancestor, and the assets descended to him, being of as much and indeed greater value than the lands in tail. Secondly, he is barred by the express words of 1784, ch. 22, sec. 5, that declares all sales and conveyances madebona fide, and for valuable consideration, since 1 January, 1777, by any tenant in tail, in actual possession of any real estate, where such estate hath been conveyed in fee simple, shall be good *Page 220 
and effectual in law to bar any tenant or tenants in tail and tenants in remainder of and from all claim and claims, action and actions, and right of entry whatsoever, of, in, and to such entailed estate, against any purchaser, his heirs, and assigns, now in actual possession of such estate, in the same manner as if such tenant in tail had possessed the same in fee. But as to the warranty, the plaintiff's counsel contended that warranty and assets cannot bar the estate tail, because that had not been turned to a right before or at the time when warranty descended. He cited Co. Litt., 388 b. There was a verdict and judgment for the defendant.
Cited: Jacocks v. Gilliam, 7 N.C. 56; Holliday v. McMillan, 79 N.C. 325;Bass v. Navigation Co., 111 N.C. 449; Springs v. Scott, 132 N.C. 560;Anderson v. Wilkins, 142 N.C. 158; Richardson v. Richardson, 150 N.C. 552.